UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**      ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [37]

### I.      Introduction

Before the Court is a motion to dismiss the First Amended Complaint, filed by Defendants Governor Gavin Newsom and Secretary of State Shirley N. Weber ("Defendants") on February 26, 2026. Motion to Dismiss ("MTD"), ECF No. 37. For the following reasons, Defendants' motion is GRANTED.

### II.      Relevant Background

#### a.      Relevant Factual Background

According to Plaintiff Carl Gordon's First Amended Complaint ("FAC"), a recall was initiated against Governor Gavin Newsom ("Newsom") in February 2020. FAC at 15. To facilitate the recall process, Newsom signed and implemented Senate Bill 423 ("SB 423") and Senate Bill 152 ("SB 152") (collectively, the "Temporary Recall Laws"), which, among other recall-related election administration provisions, temporarily permitted polling places in locations where alcohol is sold or dispensed. *Id*. at 17-18.

                                                                                              :

|  | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

In 2022, Newsom signed Assembly Bill 2037 (the "Election Law") which, in relevant part, amended California Elections Code § 12288 to remove the provision prohibiting that polling places be located in establishments that primarily sell or dispense alcohol, while preserving the provision that polling places shall not be directly accessible from such an establishment while the polls are open. 2022 Cal. Legis. Serv. Ch. 155 (A.B. 2037). Since 2022, every statewide election in California has been administered with that amended regime in place.

b. **Relevant Procedural Background**

Plaintiff filed the FAC on January 20, 2026, seeking prospective declaratory and injunctive relief based on three constitutional challenges to the Temporary Recall Laws and the Election Law. *First,* Plaintiff argues that Newsom was "temporarily disabled" from signing the Temporary Recall Laws due to the ongoing recall election at the time.[1] *Second,* Plaintiff argues that Newsom's ownership interest in alcohol-serving business operated by the PlumpJack Group created a conflict of interest that also constituted a "temporary disability," preventing Newsom from signing *both* the Temporary Recall Laws and the Election Law.[2] *Third,* Plaintiff argues that both the Temporary Recall Laws and the Election Law are preempted by federal law to the extent that federal grants are used to fund the elections.[3]

In addition to directly challenging the Temporary Recall Laws and the Election Law, Plaintiff relatedly brings a second-order challenge to every law passed under their procedures or signed by Governor Newsom since the recall election. *See* FAC. The argument here is that any such legislation is

---

[1] Article V, Section 10 of the California Constitution provides that the Lieutenant Governor "shall act as Governor during the impeachment, absence from the State, or other temporary disability of the Governor." Cal. Const. art. V, § 10(c). Article II, Section 17 provides that when a recall is initiated against the Governor, "the recall duties of that office shall be performed by the Lieutenant Governor." Cal. Const. art. II, § 17.

[2] To support this argument, Plaintiff cites Newsom's 2019 Executive Order N-03-19, which prohibited state agencies "from entering contracts with entities in which [Newsom] or his family held financial interests," including the PlumpJack Group. FAC at 14. According to Plaintiff, this order was a tacit admission of a conflict of interest. *Id.*

[3] 2 C.F.R. § 200.423 provides that "[c]osts of alcoholic beverages are unallowable" for purposes of federal awards. Plaintiff argues that collocating an alcohol-serving establishment with a polling place is a de facto award.

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

tainted, either by the constitutional defects of the election procedures under which they were passed or because they were signed by a Governor without legitimate authority. Though this challenge allegedly applies broadly, Plaintiff emphasizes Proposition 50, Assembly Bill 2037, Assembly Constitutional Amendment 8, Senate Bill 280, and Assembly Bill 604 (the "Tainted Legislation"). *Id.* at 8.

Plaintiff requested that the Court declare all challenged legislation as unlawful and enjoin the administration of current and future elections in accordance with the Election Law.

On February 26, 2026, Defendants moved to dismiss. MTD. Plaintiff opposed on March 8, 2026, and Defendants replied on March 23, 2026. ECF Nos. 44, 47. While this motion was pending, Defendants filed a motion to declare Plaintiff a vexatious litigant. ECF No. 43. Plaintiff has filed several additional motions as well.[4]

c.  **Relevant Legal Background**

Plaintiff has previously filed seven different lawsuits alleging similar government misconduct regarding electoral processes.[5] The relevant two cases are discussed below.

i)  *Gordon II*

Plaintiff filed his second lawsuit related to electoral misconduct, *Gordon v. Newsom, et al.*, No. 21-cv-07270-FMO-MAR (C.D. Cal. 2021) ("*Gordon II*"), on September 9, 2021, against Governor Newsom, Attorney General Rob Bonta, and Secretary of State Shirley Weber, among others. Defendants' Request for Judicial Notice ("RJN"), Ex. C, ECF No. 37-5. He alleges, in pertinent part, that when Governor Newsom signed into law SB 152 (the second of the Temporary Recall Laws), it amounted to an

---

[4] *See* Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 35; Plaintiff's Motion for Leave to File Supplemental Complaint, ECF No. 55; Plaintiff's Emergency Motion for Leave to File Supplemental Complaint, ECF No. 66
[5] *See* Defendants' Request for Judicial Notice ("RJN") and accompanying Exhibits A-O, ECF No. 37-2 to 37-17. This Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted). Accordingly, Defendants' request for judicial notice is granted.

|  |  | : |
|---|---|---|
| Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Carl Gordon v. Gavin Newsom et al* |
|---|---|

unlawful conspiracy to commit election fraud in violation of Plaintiff's First and Fourteenth Amendment rights and California law. *Id.* On August 22, 2022, Judge Olguin dismissed the case with prejudice. RJN, Ex. D, ECF No. 37-6 (Magistrate Judge Rocconi's Report and Recommendation); *Gordon v. Newsom*, 2022 U.S. Dist. LEXIS 150694 (C.D. Cal.) (accepting the Report and Recommendation). The judgment was affirmed by the Ninth Circuit on March 8, 2024. *Gordon v. Newsom*, 2024 U.S. App. LEXIS 5628 (9th Cir.).

### ii) *Gordon VII*

Plaintiff filed his sixth lawsuit, *Gordon v. Newsom, et al.*, No. 24-cv-06476-MRA-AS (C.D. Cal 2024) ("*Gordon VII*"), on July 31, 2024, against Governor Newsom in his official and personal capacity, among other defendants. RJN, Ex. J, ECF No. 37-12. Plaintiff alleged that the defendants violated state fraud and deceit laws and violated his constitutional rights under the Equal Protection Clause, the Takings Clause, and the Due Process Clause by implementing the Temporary Recall Laws. *Id.* On July 31, 2025, Judge Almadani dismissed the case with prejudice. RJN, Ex. K, ECF No. 37-13 (Magistrate Judge Sagar's Report and Recommendation); RJN, Ex. L, ECF No. 37-14 (the final judgment). The appeal in that matter is presently pending before the Ninth Circuit. *Gordon v. Newsom*, No. 25- 5722 (9th Cir.).

### III.    Discussion

Before addressing the merits of the instant motion, this Court analyzes whether 28 U.S.C. § 2284 requires a three-judge panel to determine this matter. Then, addressing the motion itself, the Court finds: (1) Plaintiff lacks standing on all claims, (2) Plaintiff failed to state claims upon which relief can be granted, and (3) Plaintiff's state constitutional challenges are precluded. Though each of these findings is independently sufficient to warrant dismissal of the relevant claims, the Court conducts an analysis for each.

### a.    **28 U.S.C. § 2284 is Inapplicable**

A three-judge panel "shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the

:

Initials of Preparer                              DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

apportionment of any statewide legislative body." 28 U.S.C.A. § 2284(a). An important limitation of this statute is that a three-judge district court is necessary only for a constitutional challenge, not a statutory challenge. *See Palmer v. Hobbs*, 150 F.4th 1131, 1139-40 (9th Cir. 2025).

Here, Plaintiff does not challenge the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. *See* 28 U.S.C.A. § 2284(a). Plaintiff brings substantive constitutional challenges to the Temporary Recall Laws and the Election Law only. *See supra II(b)*. The only challenged legislation that even relates to legislative apportionment is Proposition 50. However, Plaintiff's claims in that area cannot plausibly implicate § 2284 because they offer no legal challenge to the substance of Proposition 50 itself. Instead, as discussed *supra*, Proposition 50 is implicated only insofar as it represents a downstream consequence of allegedly unlawful election framework laws. Even though some challenges to the election framework laws are made on constitutional grounds, they are entirely attenuated from the apportionment issue. In this context, Plaintiff makes no challenge to Proposition 50 itself, much less a constitutional one—in fact, the substance of Proposition 50 is entirely immaterial to Plaintiff's suit. Therefore, a three-judge panel does not need to be convened to determine this matter.

### b. **Plaintiff Lacks Standing**

A motion to dismiss for lack of standing under Rule 12(b)(1) challenges subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "To have Article III standing, 'a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *In re Zappos.com, Inc.*, 888 F.3d 1020 (9th Cir. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "Each element of standing must be supported with the manner and degree of evidence required at the successive stage of the litigation." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (cleaned up). At the pleading stage, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Id.* (cleaned up). "[G]eneral factual allegations of injury resulting from the defendant's conduct

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|

| Title | *Carl Gordon v. Gavin Newsom et al* |
|---|---|

may suffice, but such allegations must permit the court to infer more than the mere possibility of injury." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) (cleaned up). "Plaintiffs need only one viable basis for standing." *In re Zappos.com*, 888 F.3d at 1030 n.15.

Here, Plaintiff lacks standing to bring his state constitutional challenges regarding Governor Newsom's "temporary disability" under unambiguous, binding precedent.[6] "[T]he Commission on the Governorship has exclusive standing" to raise questions of temporary disability." *In re Governorship*, 603 P.2d 1357, 1361 (Cal. 1979).

Regardless, for Plaintiff to have Article III standing to bring any of his claims, he must allege an injury in fact that is concrete and particularized. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A "particularized" injury must affect Plaintiff in a "personal and individual way." *Lake v. Fontes*, 83 F.4th 1199, 1203 (9th Cir. 2023) (citation omitted). Furthermore, "[a]n interest shared generally with the public at large in the proper application of the Constitution and laws will not do." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). Plaintiff, somewhat incoherently, makes two arguments for injury. First, Plaintiff alleges he was harmed by "the enforcement and treatment of Proposition 50 and related election frameworks." FAC at 11. Second, Plaintiff argues that he has suffered a concrete and particularized injury as a fee-paying prospective candidate in the 2021 recall election. Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition"), ECF No. 44 at 10-11.

Plaintiff's mere exposure to the laws he deems unlawful can only implicate a "generalized interest in seeing that the law is obeyed, an interest that is neither concrete nor particularized." *Lake v. Fontes*, 83 F.4th 1199, 1203 (9th Cir. 2023) (internal quotations and citation omitted). The Supreme Court itself "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482-83 (1982) (internal quotations omitted) (summarizing past cases to that effect). To be sure, voter standing has broadly been recognized, but not

---

[6] The Court notes that it also lacks jurisdiction to hear such challenges. The California Supreme Court "has exclusive jurisdiction to determine all questions arising under this section [of the constitution]" (Cal. Const. art. II, § 17).

:

Initials of Preparer                    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | | |

every plaintiff that alleges voter-related harm has *de facto* standing. *See Page v. Tri-City Healthcare Dist.*, 860 F. Supp. 2d 1154, 1162 (S.D. Cal. 2012) (reviewing Supreme Court cases that rejected standing based on voter-related harm). A general interest in being free of an illegal electoral system or that the law has not been followed fails to be sufficiently concrete or particularized to constitute adequate injury. *See Lance v. Coffman*, 549 U.S. 437, 441 (2007) (holding that citizen plaintiffs challenging Colorado's redistricting rules lack standing even though they voted in the affected districts).

Moreover, Plaintiff's injury arising from his fee payment in the 2021 recall election is insufficient to confer standing because his requests for prospective declaratory and injunctive relief offers no possibility of redress for that injury.

Accordingly, the Court lacks subject matter jurisdiction over all claims because Plaintiff lacks standing.

c. **Plaintiff Failed to State Claims Upon Which Relief Can Be Granted**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

:

Initials of Preparer          DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

Each of Plaintiff's claims should independently be dismissed because it fails to state a claim upon which relief could be granted.

  i) <u>Plaintiff's First Constitutional Challenge for Recall-Related Disability</u>

Plaintiff's first challenge is based on the California Constitution, particularly that Defendants violated: (1) Article II, Section 17 ("Section 17"), and (2) Article V, Section 10 ("Section 10").

Section 17 provides that when a recall is initiated against the Governor, "the recall duties of that office shall be performed by the Lieutenant Governor." Cal. Const. art. II, § 17. Although the California Constitution does not explicitly define the term "recall duties," based on the California Elections Code, they appear to be limited to: receiving the Secretary of State's formal certification of the recall petition, Cal. Elec. Code § 11109, and then "mak[ing] or caus[ing] to be made publication of notice for the holding of the election," *id*. § 11110. There is no legal basis to support the assertion that Section 17 would require the Lieutenant Governor to take over the signing of any recall-related legislation into law. Indeed, that is implausible given that the California Constitution places that duty squarely under the Governor's exclusive purview. *See* Cal. Const. art. IV, § 10(a) ("Each bill passed by the Legislature shall be presented to the Governor. It becomes a statute if it is signed by the Governor."). Therefore, Plaintiff's allegation that Newsom violated Section 17 by signing the Temporary Recall Laws fails as a matter of law. Furthermore, Plaintiff's assertions that downstream legislation is tainted by this violation fails as well.

Section 10 provides that the Lieutenant Governor "shall act as Governor during the impeachment, absence from the State, or other temporary disability of the Governor." Cal. Const. art. V, § 10(c). Again, the California Constitution does not explicitly define the relevant term: "other temporary disability." Plaintiff contends that when the Lieutenant Governor inherited "recall duties," it rendered Governor Newsom "temporarily disabled" under Section 10. However, Plaintiff's assertion is entirely unsupported by legal authority, and the Court does not agree with the legal conclusion. *See Iqbal*, 556 U.S. at 678 (holding that a plaintiff's legal conclusions are not entitled to an assumption of truth). The Court finds that, notwithstanding the recall, Newsom was not 'temporarily disabled' under Section 10. Absent an

                      :

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

alternative theory, Plaintiff therefore fails to state a claim for a recall-related violation of Section 10. Furthermore, Plaintiff's assertions that downstream legislation is tainted by this violation fails as well.

### ii)  Plaintiff's Second Constitutional Challenge for Conflict-of-Interest-Related Disability

Plaintiff's second challenge is based on the California Constitution but implicates only Section 10. The basis of the claim is that, in 2019, Newsom issued an executive order prohibiting state agencies "from entering contracts with entities in which [Newsom] or his family held financial interests," including the PlumpJack Group. FAC at 14. From this, Plaintiff infers a conflict of interest and alleges that Newsom was resultingly disabled under Section 10 from signing the Temporary Recall Laws and Election Law because they permitted polling places to be located on premises that sold or dispensed alcohol.

However, Plaintiff has failed to plead any facts that would allow the reasonable inference that the challenged election laws constitute a contract with the PlumpJack Group. *See* FAC. Furthermore, even if there were a legitimate conflict of interest, Plaintiff fails to cite any authority that a conflict of interest constitutes a "temporary disability" under Section 10. *See* Cal. Const. art. V, § 10(c). Plaintiff therefore fails to state a claim for a violation of Section 10 based on Newsom's alleged conflict of interest. Furthermore, Plaintiff's assertions that downstream legislation is tainted by this violation fails as well.

### iii) Plaintiff's Third Constitutional Challenge for Preemption

Plaintiff's third challenge is based on the United States Constitution, specifically the Supremacy Clause. The premise of the claim is that collocating an alcohol-serving establishment with a polling place is a de facto subsidy of alcoholic beverages, which is a violation of 2 C.F.R. § 200.423 to the extent that federal grants are used to fund elections. *See* 2 C.F.R. § 200.423 ("[c]osts of alcoholic beverages are unallowable" for federal awards).

However, The Supremacy Clause, which establishes the Constitution and federal laws as "the supreme Law of the Land," is not the "source of any federal rights" and does not provide a "right to enforce federal laws against the States." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015) (internal quotations and citation omitted) (exploring legislative history and precedent). The

:

Initials of Preparer                     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | | Date | June 22, 2026 |
|---|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | | |

relevance of the Supremacy Clause in federal proceedings is as a defense against state law claims or regulation if the conduct at issue is preempted by federal law. *Id*. at 326. For example, under the *Ex parte Young* doctrine, "if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." *Id*.; *see Ex parte Young*, 209 U.S. 123, 155–156 (1908).

Here, Plaintiff is *offensively* asserting the Supremacy Clause as the basis for his federal claims, which is barred by Supreme Court precedent, and *Ex parte Young* does not apply. Accordingly, Plaintiff's preemption claim under the Supremacy Clause must be dismissed. Furthermore, Plaintiff's assertions that downstream legislation is tainted by this violation fails as well.

### d.  **Plaintiff's State Constitutional Claims are Precluded**

Issue preclusion prevents relitigation of an issue resolved by a prior proceeding if "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Hansen v. Musk*, 122 F.4th 1162 (9th Cir. 2024) (citation omitted). A defendant who is not a party to the prior proceeding may still invoke issue preclusion as a defense against a plaintiff who was a party to the prior proceeding and is seeking to relitigate a previously decided issue. *In re James*, 865 F.2d 1271 (9th Cir. 1989).

Here, Plaintiff's state constitutional challenges turn on the issue of whether recall requirements in the state constitution or a financial conflict of interest rendered Newsom "temporarily disabled" from signing the Temporary Recall Laws or the Election Law. However, for the following reasons, this issue is precluded from litigation, so the state constitutional challenges necessarily fail.

### i)  Identical Issues

To determine whether multiple proceedings address the same issue, four factors are considered: (1) if there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first; (2) if the new evidence or argument involve the application of

:

Initials of Preparer                    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

the same rule of law as that involved in the prior proceeding; (3) if pretrial preparation and discovery in the first action can reasonably be expected to have embraced the matter sought to be presented in the second; and (4) how closely related the claims involved in the two proceedings are. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (citation omitted).

As to the first factor, the issue of constitutional disability and Plaintiff's supporting legal theories were already presented in identical form in both *Gordon II* and *Gordon VII* (the "Prior Cases"). Therefore, there is more than a substantial overlap, and the factor is satisfied in favor of preclusion. As to the second factor, all three cases involve application of the California Constitution. Therefore, the argument proceeds under the same rule of law, and the factor is satisfied in favor of preclusion. As to the third factor, the pretrial preparation in the prior cases did not embrace all the issues brought here, because the case at bar challenges new, downstream legislation that was not extant when the Prior Cases were decided. However, the issue under analysis is whether Governor Newsom was constitutionally disabled from signing legislation due to recall procedures or a conflict of interest. All the evidence that may have supported this legal theory was available since the time of the recall and during the pendency of the Prior Cases. Preparation and discovery in the Prior Cases would reasonably have embraced this matter had the arguments been legally sufficient to survive the pleadings, and the factor is therefore satisfied in favor of preclusion. Finally, as to the fourth factor, the claims in all three proceedings are indistinguishable from each other besides the specific pieces of legislation being challenged. This factor therefore favors preclusion. In all, the relevant factors militate toward a finding that the issues were identically addressed in the Prior Cases.

ii) Actually Litigated and Decided

It is undisputed that the disability issue was actually litigated and decided in the Prior Cases.

iii) Full and Fair Opportunity to Litigate

Plaintiff argues that he has not had a full and fair opportunity to litigate this issue because the decision in *Gordon II* is still being litigated. The basis for this argument is that Plaintiff has a pending motion under Federal Rule of Civil Procedure 60(b)(4) to void that court's First Amended Order of July

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

18, 2022. However, that motion has been stricken. *Gordon II* at ECF No. 65. Plaintiff's argument is therefore baseless.

    iv) <u>The Issue's Necessity to Deciding the Merits</u>

It is undisputed that the constitutional disability issue was necessary to deciding the merits of both the Prior Cases.

    e. **Leave to Amend Should be Denied**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). If amendment would be futile, the court may dismiss the complaint with prejudice. *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.8 (9th Cir. 2014).

Before the instant case, Plaintiff has already filed seven prior cases alleging the same or substantially related issues, none of which has made it past the pleadings stage. *See* MTD, ECF No. 37 at 2-6. Despite numerous admonitions by courts rejecting major legal theories underlying his case, Plaintiff still brought this case alleging much of the same rejected legal theories and arguments and flooding this Court with numerous emergency motions. *See id.*; ECF No. 3, 12, 28, 35-36, 44, 65-66. Therefore, it is apparent to this Court that granting Plaintiff leave to amend would be futile in addressing the aforementioned deficiencies in the FAC.

Additionally, the Court believes that no plausible facts can be pleaded by the Plaintiff that could address the fatal flaws in Plaintiff's lack of standing and failure to state a claim. *See supra* III(b), III(c).

    :

Initials of Preparer      DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12427-SVW-MAA | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Carl Gordon v. Gavin Newsom et al* | | |

Plaintiff has also sought leave to amend to file a Second Amended Complaint, the contents of which illustrates why allowing further amendment would be futile.[7]

It is clear to this Court that Plaintiff has demonstrated a profound inability to heed judicial orders and comply with the rules of this Court and others, which is why it is implausible that granting Plaintiff leave to amend would allow the ample defects in the FAC to be cured. Accordingly, because the complaint is incurable and in the interest of judicial economy, dismissal with prejudice is appropriate.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE. Accordingly, all other motions pending before the Court are DENIED as moot.

**IT IS SO ORDERED.**

---

[7] *See* SAC, ECF No. 32. In the SAC, Plaintiff against seeks standing based on "the compelled payment of a $4,194.94 ballot-access filing fee imposed as a condition of participation in the 2021 California gubernatorial recall election." ECF No. 32, ¶ 9. However, Plaintiff seeks no remedy in the FAC or the SAC that would offer a possibility of redressing this alleged injury. *See* FAC, ECF No. 20 at 40-41; SAC, ECF No. 32, 47-48. Furthermore, the SAC inexplicably removes every cause of action in the FAC and replaces them with two wholly new causes of action: (1) the amended judgment on July 18, 2022 in *Gordon II* is void for lack of jurisdiction and further reliance is unlawful, and (2) Plaintiff's claims falls within the scope of 28 U.S.C. § 2284, requiring the Court to order compliance with the three-judge requirement and enjoin the current proceedings. *Id*. Besides the fact that Plaintiff's bizarre prayers for relief in the SAC are wholly illegitimate claims that are not based on the factual allegations made in the SAC, the claims are also wholly meritless as explained above. *See supra* III(a), III(d)(iii).

| | : | |
|---|---|---|
| | Initials of Preparer | DTA |